# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: November 15, 2024)

```
* * * * * * * * * * * *
PEGGY LUND,                        *
                                   *    No. 20-1454V
            Petitioner,            *
                                   *    Special Master Dorsey
v.                                 *
                                   *    Attorneys' Fees and Costs
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * *
```

Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
Tyler King, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 23, 2020, Peggy Lund ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered sudden sensorineural hearing loss ("SSNHL") as a result of an influenza ("flu") vaccine he received on October 3, 2019. Petition at Preamble (ECF No. 1). On May 21, 2024, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation on May 22, 2024. (ECF No. 82).

On May 24, 2024, petitioner filed a final motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 85). Petitioner requests compensation in the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

amount of $58,726.45, representing $25,823.00 in attorneys' fees and $17,934.74 in costs from counsel's current firm, and $13,033.50 in attorneys' fees and $1,935.21 in costs from counsel's previous firm. Fees App. Ex. A at 10-11, 42-44. Pursuant to General Order No. 9, petitioner warrants that she did not personally incur any expenses associated with the claim. Id. at 7. Respondent filed his response on May 24, 2024, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 86). Petitioner did not file a reply thereafter.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $58,170.45.**

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

2

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

Petitioner requests a total of $38,856.50 in attorneys' costs. Petitioner requests the following hourly rates for the work of his counsel: for Mr. Andrew Downing, $385.00 for work performed in 2020 and 2021, $415.00 or $445.00 per hour for work performed in 2022, $445.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; and for Ms. Courtney Jorgenson (also billing time as Courtney Van Cott), $275.00 for work performed in 2020 and 2021, $325.00 or $345.00 per hour for work performed in 2022 and 2023. Additionally, for paralegals, petitioner requests $135.00 for work performed in 2020 and 2021, $135.00 or $155.00 per hour for work performed in 2022, $155.00 per hour for work performed in 2023, and $175.00 per hour for work performed in 2024. The requested rates for 2020, 2021, 2023 and 2024 are consistent with what counsel have previously been awarded, and the undersigned finds them to be reasonable herein. However, the 2022 rates require adjustment. Mr. Downing's, Ms. Jorgenson's, and the paralegals rates for work performed in 2022 are inconsistent with rates that have been previously awarded. See, e.g., Gonzalez v. Sec'y of Health & Human Servs., No. 21-1859V, 2024 WL 2698531 (Fed. Cl. Spec. Mstr. Apr. 17, 2024) (awarding Mr. Downing a rate of $415.00 per hour, and Ms. Jorgenson a rate of $325.00 per hour for time billed in 2022); Wakileh v. Sec'y of Health & Human Servs., No. 21-1136V, 2023 WL 9228198 (Fed. Cl. Spec. Mstr. Dec. 18, 2023) (awarding the paralegals a rate of $135.00 per hour for time billed in 2022). The rates requested for 2022 reflect an hourly increase of $30.00 for Mr. Downing, $20.00 for Ms. Jorgenson, and $20.00 for $20.00 per hour for the paralegals. The undersigned shall therefore reduce the requested 2022 rates for Mr. Downing and Ms. Jorgenson to those which were previously awarded. This reduces the amount of attorney's fees to be awarded by **$556.00**.[3]

### ii.   Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well

---

[3] This amount consists of ($445 - $415 = $30 x 7.6 hrs = $228.00) + ($345 - $325 = $20 x 11.0 hrs = $220.00) + ($155 - $135 = $20 x 5.4 hrs = $108.00) = $556.00.

established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $38,300.50.

### b. Attorneys' Costs

Petitioner requests a total of $19,869.95 in attorneys' costs. This amount is comprised of acquiring medical records, postage and expert services provided by Dr. H. Alexander Arts. Fees App. Ex. A at 13, 16-17.

Dr. Arts billed petitioner at a rate of $500.00 per hour. According to his curriculum vitae, Dr. Arts has over 40 years of experience in otolaryngology and neurotology. *See* Ex. 10. Dr. Arts was first licensed to practice medicine in 1983 in Washington state, and is currently licensed to practice in Michigan, Alabama, and Iowa. Id. at 1. Dr. Arts is board-certified in otolaryngology and neurotology, and is currently a Clinical Professor Emeritus of Otolaryngology and Neurosurgery at the University of Michigan, and a Professor of Otolaryngology – Head & Neck Surgery at the University of Alabama at Birmingham. Id. at 1-2. Therefore, given his credentials and expertise, the undersigned finds that an hourly rate of $500.00 is reasonable. See e.g., Madigan v. Sec'y of Health & Human Servs., No. 14-1187V, 2021 WL 1626621 (Fed. Cl. Spec. Mstr. Apr. 1, 2021) (awarding full expert costs for Dr. George Hicks, an expert in otology and neurology who billed an hourly rate of $500.00.) Harper v. Sec'y of Health & Human Servs., No. 15-1188V, 2018 WL 6006030 (Fed. Cl. Spec. Mstr. Oct. 15, 2018) (awarding full expert costs for Dr. Edwin Monsell, an expert in otolaryngology who billed an hourly rate of $500.00.).

The undersigned has reviewed the remainder of the requested costs and finds them to also be reasonable. Accordingly, the full amount of costs shall be awarded.

### II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $38,856.50 |
| (Total Reduction from Billing Hours) | ($556.00) |
| **Total Attorneys' Fees Awarded** | **$38,300.50** |
| | |

| Attorneys' Costs Requested | $19,869.95 |
|---|---|
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$19,869.95** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$58,170.45** |

**Accordingly, the undersigned awards $58,170.45 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Andrew D. Downing, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.